## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## MARSHALL DIVISION

| | | |
|---|---|---|
| COMCAM INTERNATIONAL, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | |
| VIVINT, INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORIGINAL COMPLAINT

Plaintiff ComCam International, Inc. files this Complaint against Vivint, Inc. for infringement of U.S. Patent No. 6,975,220 ("the '220 Patent").

## I.   NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*, to obtain damages resulting from Defendant's unauthorized use, sale, and offer to sell in the United States of products, methods, processes, services and/or systems that infringe Plaintiff ComCam International, Inc.'s United States patent, as described herein.

## II.   PARTIES

2.      Plaintiff, ComCam International, Inc. ("Plaintiff" or "ComCam"), is a Delaware corporation, with its principal place of business at 6523 Star Creek Drive, Frisco, Texas  75034.

3.      ComCam is a seventeen-year-old corporation whose primary focus is on the development of command-and-control products and the provision of integrated solutions and support services to a wide variety of customers.  These customers include U.S. government agencies, Fortune 500 companies, research facilities, original equipment manufacturers and

systems integrators worldwide.  Shortly after incorporating, ComCam introduced the world's first integrated WiFi camera and the world's first cellular network-based IP camera.

4.     ComCam is especially adept at providing sophisticated products and solutions that can be deployed in rugged environments with limited infrastructure and network access.  ComCam has worked directly for governmental entities, including the U.S. Department of Defense and various Army and Navy divisions, which use ComCam products for tactical systems and research for land, air, and sea undersea applications.  For instance, ComCam's products and services have been used in the implementation of the "electronic fence" along the U.S.–Mexico border by the Texas Department of Public Safety and in remote surveillance operations by the United States military in Afghanistan.

5.     Additionally, ComCam provides solutions for more traditional applications, such as security and monitoring systems for prisons, airports, and retail establishments.  For example, the U.S. Immigration and Customs Enforcement ("ICE") was dissatisfied with its existing detainee monitoring and tracking system at its largest detention facility on the East Coast.  In response, ComCam provided ICE with a complete end-to-end detainee tracking system that not only met ICE's high performance needs, but did so at a substantial cost savings to the government.

6.     ComCam's products and services are also used in other high security applications, such as the perimeter intrusion detection systems at JFK and LaGuardia airports and a "Tier 1" high-risk maritime port.  The ComCam system is also utilized in public venues to maintain real-time video monitoring, including at the City of Philadelphia's Liberty Bell Center.

7.     On information and belief, Defendant Vivint, Inc. ("Defendant" or "Vivint") is a corporation organized under the laws of the State of Utah, having a principal place of business at

5132 N 300 W, Provo, Utah, 84604.  Defendant's registered agent for service of process is Christopher J. Oddo, 808 Nueces Street, Austin, Texas 78701.

## III.   JURISDICTION AND VENUE

8.     This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284 and 285.

9.     This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving its accused products in this judicial district, and/or has regular and established places of business in this judicial district.

11.     Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Texas residents.  Thus, Defendant has purposefully availed itself of the benefits of the State of Texas and the exercise of jurisdiction is proper.

## IV.   PLAINTIFF'S PATENT

12.     The '220 Patent entitled "Internet Based Security, Fire and Emergency Identification System," issued on December 13, 2005.  At a high level, the claimed systems and methods of the '220 Patent utilize a novel and specific combination of a system controller, sensors, imaging devices, transmitters, and a website to detect specified events in a monitored premises. The claimed combination of elements allows for the capture of imaging data associated with a

detected event and makes that event available to an authorized entity via a website.  The claimed

systems and methods further allow for the detection of a maintenance malfunction at a monitored

premises, *e.g.*, the temperature within the monitored premises moves outside a specified range.

The '220 Patent's novel combination of elements provides advantages relative to prior art systems

and is a specific implementation of a home or business security or automation system.  A true and

correct copy of the '220 Patent is attached as **Exhibit A**.

13.     Mobotix Corporation filed a Petition for Inter Partes Review of the '220 Patent on

October 20, 2014 (IPR2015-00093).  The Patent Trial and Appeal Board issued its Final Written

Decision in that IPR on April 28, 2016.  The Board found that Petitioner had not shown that Claims

7 and 8 of the '220 Patent were unpatentable.

14.     ComCam is the current assignee of the '220 Patent, and has all rights to sue for

infringement and collect past and future damages for the infringement thereof.

## V.  DEFENDANT'S ACTS

15.     Defendant provides hardware, software, and services that form home and business

security and automation systems.  For example, Defendant makes, uses, sells, and deploys the

Smart Protect, Smart Protect & Control, and Smart Complete home security and home automation

systems.  Defendant's home automation and home security products detect events within a

monitored premises and capture event data associated with the detected event for viewing via a

website or mobile app.  The functionality of Smart Protect, Smart Protect & Control, and Smart

Complete home security and home automation systems are summarized in these diagrams:



**Source:**  http://www.vivint.com/resources/article/vivint-sky-control-infographic;

**How does it work?**

This sensor can be used as either a standalone temperature sensor or a dual temperature and water detector. The sensor lets you choose one of five selectable temperature ranges and sends email or text message notifications right to your smartphone, computer, or tablet when temperatures drop or moisture levels rise to dangerous levels.

**Where can I use it?**

This sensor is ideal in areas like bathrooms, basements, and laundry rooms. You can also attach it to a refrigerator or freezer.

**What about the technical details?**

- Five selectable temperature ranges to choose from (hot, warm, cold, refrigerate and freeze)
- Remote temperature probe available that is ideal for refrigerator and freezer monitoring
- Flood detection external probe for a wide range of applications; including bathrooms, laundry rooms and basements
- Up to 10 year battery life, which reduces maintenance
- Completely wireless, which greatly reduces installation time and maximizes placement options
- Capable of monitoring cold (45° F) temperature and flood detection simultaneously

**Which package does it come in?**

Our flood/freeze sensor can be added to any package as an a la carte option. Or you can use the security points included in your Home Security package to get it for free.

**Source:** http://blog.vivint.com/2013/03/protect-your-home-from-flooding-and-freezing/;

16.     On information and belief, Defendant also implements contractual protections in the form of license agreements with its customers to preclude the unauthorized reproduction, distribution and modification of its software.  Moreover, on information and belief, Defendant implements technical precautions to attempt to thwart customers who would circumvent the intended operation of Defendant's products.

17.     Moreover, Defendant provides its customers with the accused products and software and instructs its customers to use the products and software in an infringing manner, including through its website at http://support.vivint.com/.

6

18.     In addition, Defendant knowingly, actively induced and continues to knowingly, actively induce (or is willfully blind to the) infringement of the '220 Patent within this district by making, using, offering for sale, and selling infringing products, as well as by contracting with others to use, market, sell, and offer to sell infringing products, all with knowledge of the '220 Patent, and its claims, with knowledge that its customers will use, market, sell, and offer to sell infringing products in this district and elsewhere in the United States, and with the knowledge and specific intent to encourage and facilitate infringing sales and use of the products by others within this district and the United States by creating and disseminating promotional and marketing materials, instructional materials, product manuals, and technical materials related to the infringing products.

19.     Moreover, Defendant knowingly contributed to the infringement of the '220 Patent by others in this district, and continues to contribute to the infringement of '220 Patent by others in this district by selling or offering to sell components of infringing products in this district, which components constitute a material part of the inventions of the '220 Patent, knowing of the '220 Patent and its claims, knowing those components to be especially made or especially adapted for use to infringe the '220 Patent, and knowing that those components are not staple articles or commodities of commerce suitable for substantial non-infringing use.   Defendant has not implemented a design around or otherwise taken any remedial action with respect to the '220 Patent.  ComCam will rely on a reasonable opportunity for discovery of evidentiary information regarding additional infringing products.

## VI.   COUNT ONE

## INFRINGEMENT OF U.S. PATENT NO. 6,976,220

20.     Plaintiff ComCam re-alleges and incorporates herein paragraphs 1–19.

21.     ComCam is the assignee and owner of all right, title and interest to the '220 Patent. ComCam has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

22.     The '220 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

23.     Defendant has directly infringed, and continues to directly infringe, one or more claims of the '220 Patent in this judicial district and elsewhere in Texas and the United States.

24.     Defendant has directly infringed, and continues to directly infringe the '220 Patent, including Claims 7 and 8, by, among other things, making, using, offering for sale, selling, and/or importing, homes security and automation products that detect an event in a premises, transmit data associated with the event, and make the event data accessible for viewing via a website by at least one authorized entity.  Such devices include, but are not limited to, the Smart Protect, Smart Protect & Control, and Smart Complete home security and home automation systems, and all reasonably similar products of Defendant.

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

25.     Based on the information presently available to ComCam, ComCam contends that Defendant has indirectly infringed, and continues to indirectly infringe, one or more claims of the '220 Patent by inducing direct infringement by third parties, including without limitation manufacturers, resellers, and/or end users of the products accused of infringing the '220 Patent, in this district and elsewhere in the United States.

26.     On information and belief, despite having knowledge of the '220 Patent, Defendant has specifically intended for persons who acquire and use the accused products, including without

limitation end-users of the accused products, to acquire and use such devices in such a way that infringes the '220 Patent, including Claims 7 and 8 and Defendant knew or should have known that its actions were inducing infringement.

27.     Defendant has had knowledge of the '220 Patent and the infringing nature of its activities at least as early as the date when ComCam effected service of this Complaint.

28.     Direct infringement is the result of activities performed by third parties in relation to the accused products, including without limitation by end users enabled and encouraged by Defendant to use the accused products in their normal, customary way to infringe the '220 Patent.

29.     With knowledge of the '220 Patent, Defendant directs and aids third parties, including without limitation end-users of the accused products, to infringe the '220 Patent by, among other things, (i) enabling a user of the accused products to use the products to support detection of an event in a premises, transmission of data associated with the event, and making the event data accessible for viewing via a website by at least one authorized entity, as claimed in the '220 Patent; (ii) providing instructions (including, by way of example, equipment manuals, videos, user guides, and other training located at http://support.vivint.com/)  to end-users of the accused products for using the products in their customary way; (iii) advertising the accused products' support of the detection of an event in a premises, transmission of data associated with the event, and making the event data accessible for viewing via a website by at least one authorized entity; and (iv) providing to third parties the products, software, and related equipment that may be required for or associated with infringement of the '220 Patent, all with knowledge that the induced acts constitute patent infringement.  Defendant possesses specific intent to encourage infringement by third parties, including without limitation end-users of the accused products.

**INDIRECT INFRINGEMENT (CONTRIBUTION - 35 U.S.C. §§ 271(c) and/or (f))**

30.     Based on the information presently available to ComCam, ComCam contends that Defendant has indirectly infringed, and continues to indirectly infringe the '220 Patent, including Claims 7 and 8, by contributing to the infringement of the '220 Patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the accused products.

31.     The accused products are capable of the detection of an event in a premises, transmission of data associated with the event, and making the event data accessible for viewing via a website by at least one authorized entity.  Defendant knows that the accused products (i) constitute a material part of the inventions claimed in the '220 Patent; (ii) are especially made or adapted to infringe the '220 Patent; (iii) are not staple articles or commodities of commerce suitable for non-infringing use; and (iv) are components used for or in systems that are capable of the detection of an event in a premises, transmission of data associated with the event, and making the event data accessible for viewing via a website by at least one authorized entity, as claimed in the '220 Patent.

32.     ComCam is informed and believes that Defendant intends to and will continue to directly and indirectly infringe the '220 Patent.  ComCam has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is thus liable to ComCam in an amount that adequately compensates ComCam for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**VII.   JURY DEMAND**

33.     Plaintiff ComCam demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, ComCam prays for judgment and seeks relief against Defendant as follows:

A.    That the Court determine that one or more claims of the '220 Patent is infringed by Defendant, either literally or under the doctrine of equivalents;

B.    That the Court award damages adequate to compensate ComCam for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement;

C.    That the Court award such other relief to ComCam as the Court deems just and proper.

DATED: July 8, 2016                                  Respectfully submitted,

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Shawn A. Latchford
Texas State Bar No. 24066603
sal@emafirm.com
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@dpelaw.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dpelaw.com
**DiNovo Price Ellwanger & Hardy LLP**
7000 North MoPac Expressway
Suite 350
Austin, Texas  78731

(512) 539-2626 (phone)
(512) 539-2627 (fax)

**COUNSEL FOR PLAINTIFF**
**COMCAM INTERNATIONAL, INC.**